

**FILED**

MAR 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALGIENON TANNER
Fed. Reg No. 05818-040
USP Leavenworth
U.S. Penitentiary
P.O. Box 1000
Leavenworth, KS  66048-1000,

    Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.,
Washington D.C.  20534,

and

HARLEY G. LAPPIN,
Director, Federal Bureau of Prisons,
320 First Street, N.W.,
Washington D.C.  20534,
sued in his official capacity,

    Defendants.

CASE NUMBER  1:06CV00529

JUDGE: Ricardo M. Urbina

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 03/21/2006

Case No. _____

**COMPLAINT**
(Declaratory Judgment and Injunctive Relief)

    COMES NOW, Algienon Tanner, by and through counsel, and for his cause of action alleges as follows:

    1. Plaintiff is a citizen of the United States and a resident of the State of Michigan.

2. Defendant Harley G. Lappin, is the Director, Federal Bureau of Prisons, and as such operates the Bureau of Prisons (hereinafter the "BOP"), which is an agency of the United States government and has its principal office at 320 First St., NW., Washington, D.C. 20534.

3. Defendant Bureau of Prisons (hereinafter "BOP") is an agency of the United States government and has its principal office at 320 First St., NW., Washington, D.C. 20534.

4. This is a civil action arising under the laws and Constitution of the United States and this Court has jurisdiction for the complaint herein pursuant to 28 U.S.C. §1331, 28 U.S.C. §§2201 and 2202, and Fed. R. Civ.P. 65.

5. Venue is proper in this District because both defendants are located here.

## COUNT 1
### (Declaratory Judgment)

6. Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 5 above.

7. On May 18, 1990, plaintiff Algienon Tanner was sentenced to a period of imprisonment of 275 months upon his conviction in the United States District Court for the Southern District of Indiana.

8. On or about February 9, 2006 plaintiff was informed by officials of the BOP that he would be transferred immediately from FCI Fairton New Jersey to USP Leavenworth, Kansas.

9. Plaintiff was not given an opportunity to file administrative appeals, but objected to his transfer and his objection was denied. The sole initial basis for the transfer was said to be "routine." This was later changed to a transfer of medium security inmates with preferential consideration given to inmates with release residences closer to USP Leavenworth.

10. Plaintiff was received at USP Leavenworth on February 15, 2006 where he is now incarcerated.

11. Plaintiff's transfer has removed him from two vocational training programs, Computer Technician and Aquaculture Science, that he had begun in order to prepare him for reentry to society when he is released in two years.

12. Plaintiff has exhausted what administrative remedies were available to him or his remedies were futile. The Inmate Administrative Remedy process, which the BOP stated plaintiff could use is a three to five month process, which would effectively prevent a reversal of the transfer until after plaintiff had missed sufficient of his two vocational courses to require him to start again. This would prevent him from completing the courses before he was released and would, accordingly, stop him for qualifying for state licensing in his fields.

13. Plaintiff incorporates herein the allegations set forth in the Declaration he has submitted in support of his Motion for a Temporary Restraining Order, filed contemporaneously herewith.

14. Plaintiff will suffer irreparable harm because of this BOP transfer policy.

15. If this Court does not grant a declaratory judgment declaring that plaintiff's transfer to USP Leavenworth was improperly implemented and restore plaintiff by injunctive relief to FCI Fairton where he had been enrolled in vocational training necessary for him to reenter society upon his release, he will be deprived of equal protection and due process of law and he will be irreparably harmed.

WHEREFORE, plaintiff requests that this Court issue a declaratory judgment declaring that plaintiff's transfer to USP Leavenworth was improperly implemented and granting injunctive relief to restore plaintiff to FCI Fairton New Jersey, restoring plaintiff to his vocational training programs and his Unicor grade status, restraining BOP from taking any retaliatory action, and granting plaintiff reimbursement of his attorney's fees, and providing such further relief as this Court deems just and equitable.

Respectfully submitted,

/s/
Brian W. Shaughnessy, DCN 89946
913 Fifteenth Street, NW
Suite 101
Washington, DC 20001
(202) 842-1700

Attorney for the Plaintiff
Algienon Tanner