```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

ALGIENON TANNER,               )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civil Action No. 06-00529 RMU
                               )
FEDERAL BUREAU OF PRISONS,     )
et al.,                        )
                               )
          Defendants.          )
                               )
_____)
```

REPLY MEMORANDUM IN SUPPORT
OF THE MOTION TO DISMISS

This is a lawsuit in which the plaintiff challenges his transfer from one federal prison to another federal prison. We do not understand plaintiff to contend that the prison conditions in his new prison are unconstitutional; rather, he contends that the transfer deprives him of certain benefits he enjoyed at the transferor prison (vocational training and employment at a relatively high wage in a prison industry). In our motion to dismiss, defendants pointed out two problems with the lawsuit: first, that there was no waiver of sovereign immunity that would permit the action to proceed in this Court; second, that the alleged constitutional violations failed to meet the test for such a claim in prisoner litigation.

In responding to the motion to dismiss, plaintiff appears to abandon his earlier reliance on the Administrative Procedure Act. He now asserts that a provision in the 1996 Prison Litigation Reform Act, 18 U.S.C. § 3624 ("Appropriate Remedies With Respect

To Prison Conditions") provides the explicit waiver of sovereign immunity that permits this lawsuit to proceed.  He also continues his argument that the transfer violated his constitutional rights, but he fails to respect the teachings of the Supreme Court's decisions in Sandin v. Conner, 515 U.S. 472 (1995), and Wilkinson v. Austin, 125 S.Ct. 2384 (2005).

## Sovereign Immunity

Plaintiff accepts, as he must, that a waiver of the federal government's immunity from suit must be unequivocally expressed in a statute.  He then proceeds to argue that such a waiver is found in 18 U.S.C. § 3626, which, as its title indicates (set forth above), addresses the appropriate remedies with respect to lawsuits over prison conditions.  A reading of the section fails to disclose any reference whatsoever to a waiver of the federal government's immunity from suit.  Plaintiff argues, however, that the section must waive the government's immunity because "why would Congress include the statutory language of § 3626 . . . if it did not intend the United States to waive its sovereign immunity in matters that are at issue under that statute."

The first point to note about plaintiff's argument is that it uses the logic of inference (the discussion of remedies means that we can infer that the Congress intended to waive sovereign immunity as to any lawsuits about prison conditions that may need to be remedied).  The argument, therefore, must collapse, given

the requirement of an explicit legislative waiver of sovereign immunity.  The argument also overlooks the reason § 3626 was included in the Prison Litigation Reform Act: Congress was seeking to reduce a perceived micro-management of prisons (primarily state prisons) by federal judges.  See D. Decker, "Comment, Consent Decrees And the Prison Litigation Reform Act of 1995: Usurp Judicial Power Or Quelling Judicial Micro-Management," 1997 Wis. L. Rev. 1275, 1997 WILR 1275 (1997).  Such a purpose is hardly consistent with plaintiff's view of the statute as opening the way for judicial review of decisions made by the Bureau of Prisons as to the place of confinement of a prisoner, decisions as to which the waiver of sovereign immunity in the Administrative Procedure Act is expressly excluded by the immediately preceding section of the United States Code.

## The Constitutional Violations

In arguing that the claims plaintiff asserts are violations of constitutional rights, plaintiff starts out by citing a dissenting opinion in the Supreme Court, plaintiff's mem. op. at 5, as being "most instructive" and then proceeds with an analysis that, we submit, fails to accord with the analysis mandated by the Supreme Court in Sandin v. Conner, supra, and Wilkinson v. Austin, supra.  The changes that may result from plaintiff's transfer to a new prison, in terms of the vocational programs available and prison employment, do not involve the imposition of

atypical and significant hardship in relation to the ordinary incidents of prison life such that a liberty interest is created. For a more extended discussion of this point, see the memorandum in support of defendants' opposition to the motions for temporary and preliminary relief, at 3-8.

Plaintiff next argues that the Bureau of Prisons' transfer decision violated his right to equal protection under the law.  A violation of equal protection requires at the outset that plaintiff establish that he is a member of a "suspect class" and that it is his membership in that class that results in his unequal treatment as to others not in the suspect class.  Plaintiff does not attempt to make this showing; he merely argues that he was treated differently from other prisoners in his vocational classes at the Fairton facility who were not transferred to Fort Leavenworth.  Finally, plaintiff argues that he is being subjected to a pattern of illegal and arbitrary treatment by the Bureau of Prisons.  The evidence that he offers for this proposition was rejected by a federal district court and its court of appeals.  Plaintiff's mem. op. at 10.  He would appear to be barred from making this claim here by the doctrines of collateral estoppel or res judicata.

## Conclusion

For the reasons set forth above and in defendants' motion to

dismiss, this case should be dismissed.

        Respectfully submitted,

        KENNETH L. WAINSTEIN, DC Bar # 451058
        United States Attorney

        RUDOLPH CONTRERAS, DC Bar # 434122
        Assistant United States Attorney
            /s/
        FRED E. HAYNES, DC Bar #165654
        Assistant United States Attorney
        555 4th Street, N.W., Room E-4110
        Washington, D.C. 20530
        202.514.7201