IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALGIENON TANNER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case. No. 1:06-cv-529 |
| ) | Judge Urbina |
| FEDERAL BUREAU OF PRISONS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## NOTICE OF FILING

COMES NOW plaintiff Algienon Tanner, by and through counsel, and files the attached documents in supplement to his opposition to defendants' motion to dismiss. Attached are photocopies of documents, referenced in Section IV of our Reply, that support our assertions that Mr. Tanner's transfer is part of a disturbing and continuing pattern of illegal and arbitrary behavior, to wit, retaliation for filing complaints, by the Bureau of Prisons, in particular, Mr. Tanner's wrongful charge of "inciting a work stoppage," his subsequent acquittal by the BOP Disciplinary Hearing Officer, and retaliatory punitive measures taken by the BOP; to wit, (1) application of a management variable predicated on the very conduct for which Mr. Tanner was acquitted and (2) arbitrary transfers that had no rational basis in fact.

Mr. Tanner and other federal inmates similarly situated are part of a suspect class of individuals by virtue of identifiable acts committed by the BOP in retaliation for filing complaints related to intimidating threats made by BOP staff, lack of proper medical treatment, and similar complaints. Members of a suspect class for equal

protection purposes are those persons similarly situated who are treated differently by the government when the government is unable to provide a rational basis for the dissimilar treatment. *See, City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 440-42 (1985); *Dawson v. Scott,* 50 F.3d 884 (11th Cir. 1995).

The Supreme Court "has offered the following indicia of a suspect class to help determine which groups merit this protected status. The group must be "discrete and insular"; individuals of the class must have a 'disability' over which they do not have control; and the defining characteristic of the class must bear no rational relation to a legitimate state purpose. Further, the group must have "experienced a 'history of purposeful unequal treatment' or have been subjected to unique disabilities on the basis of stereotyped characteristics not truly indicative of their abilities." Finally, class membership must be stigmatized by society." *See,* Mark Strasser, *Suspect Classes and Suspect Classifications: On Discriminating, Unwittingly or Otherwise,* 64 Temp. L. Rev. 937, 939 (1991) (citations omitted). Here, Mr. Tanner and those federal inmates similarly situated fully meet the Court's stated indicia.

The government's Reply Memorandum of April 6, 2006, suggests that we have applied the "logic of inference," apparently an unacceptable technique. To the contrary, we submit that the Court should look to the actual definition of the word "explicit" (fully revealed or expressed without vagueness, implication, or ambiguity: leaving no question as to meaning or intent) when determining whether 18 U.S.C. § 3626 does, in fact, provide a waiver of sovereign immunity. The government's suggestion that the wording

2

of § 3626 leaves some question as to Congressional intent regarding the waiver of sovereign immunity is erroneous.

WHEREFORE, plaintiff requests that the Motion to Dismiss be denied.

Respectfully submitted,

/s/ Brian W. Shaughnessy
Brian W. Shaughnessy, DC 89946
913 M Street, N.W.
Suite 101
Washington, D.C. 20001
(202) 842-1700

Attorney for Plaintiff
Algienon Tanner