```
  FAIT9              *       PROGRAM REVIEW REPORT        *      06-08-2005
PAGE 001                                                        14:22:58
```

INSTITUTION: FAI  FAIRTON FCI

NAME.......: TANNER, ALGIENON
RESIDENCE..: DETROIT, MI 48233                    REG. NO: 05818-040

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: _12/05_

PROJ. RELEASE DATE..: 09-29-2008          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: _6/06_       DETAINERS (Y/N): N

CIM STATUS (Y/N)....: Y        IF YES, RECONCILED (Y/N): _y_

PENDING CHARGES.....: _none known_

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....: _y_
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

| CATEGORY | | CURRENT ASSIGNMENT | EFF DATE | TIME |
|---|---|---|---|---|
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 04-07-2007 | 1612 |
| CMA | RPP NEEDS | RELEASE PREP PGM NEEDS | 12-31-1996 | 1130 |
| CMA | V94 CDB913 | V94 CURR DRG TRAF BEFORE 91394 | 05-31-1996 | 1206 |
| CMA | V94 PV | V94 PAST VIOLENCE | 05-31-1996 | 1206 |
| CUS | IN | IN CUSTODY | 12-16-1986 | 1404 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 05-06-1994 | 1122 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 07-18-1991 | 0943 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 06-01-1991 | 0712 |
| FRP | COMPLT | FINANC RESP-COMPLETED | 03-20-1994 | 1414 |
| LEV | MEDIUM | SECURITY CLASSIFICATION MEDIUM | 02-01-2001 | 0735 |
| MDS | ATH RESTR | NO SPORTS/NO WEIGHT LIFTING | 09-28-1998 | 0953 |
| MDS | REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 09-28-1998 | 0952 |
| MDS | WGT 15 LB | WEIGHT-NO LIFTING OVER 15 LBS | 09-28-1998 | 0952 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 07-16-2003 | 0834 |
| QTR | A03-309U | HOUSE A/RANGE 03/BED 309U | 04-06-2005 | 0819 |
| RLG | PROTESTANT | PROTESTANT | 09-29-1997 | 1826 |
| WRK | UN-CBL4 | UNIFOR CABLE FOUR | 03-01-2005 | 0001 |

WORK PERFORMANCE RATING: _Good_

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _none_

FRP PLAN/PROGRESS:  TRUST FUND DEPOSITS PAST 6 MO: $_____

FRP PAYMENTS PAST 6 MO:  $_____     OBLG BALANCE: $_____

CURRENT FRP PLAN: $_____   PAYMENTS COMMENSURATE: YES ____ / NO ____
                        _NA Complete_

FAIT9                    *         PROGRAM REVIEW REPORT          *        06-08-2005
PAGE 002                                                                  14:22:58

IF NO, NEW PAYMENT PLAN: _N/A_____

_____

_____

RELEASE PREPARATION PARTICIPATION: _Needs RPP_____

_____

_____

CCC RECOMMENDATION: _PRPD  3-29-08  Will review at
12 months prior to release_____

PROGRESS MADE SINCE LAST REVIEW: _No enrollment in any
programs_____

GOALS FOR NEXT PROGRAM REVIEW MEETING: _____
_Enroll in at least one ACE class by 8/05_____

_____

_____

_____

LONG TERM GOALS: _____
_Complete at least 3 ACE classes by 12/07._____

_____

_____

_____

```
FAIT9            *       PROGRAM REVIEW REPORT        *      06-08-2005
PAGE 003 OF 003                                              14:22:58
```

OTHER INMATE REQUESTS/TEAM ACTIONS:

_Review) 407/408 - no Changes_

_Custody Review - MED/N_

SIGNATURES: _R Pethel, CSW_

UNIT MANAGER: _R Pethel CF_            INMATE: _Algenon Tanner_

DATE: _6/13/05_            DATE: _6/13/05_

**DISCIPLINE HEARING OFFICER REPORT**    BP-S305.052 MAY 94
**U.S. DEPARTMENT OF JUSTICE**    **FEDERAL BUREAU OF PRISONS**

The written statement of SIS Lieutenant Roy documents on September 13, 2000, at approximately 3:00 p.m., an SIS Investigation was concluded. The investigation determined you were involved in the orchestration of a work stoppage. Information revealed a work stoppage was scheduled for Monday, September 18, 2000. The intent of the work stoppage was to protest various institutional security related changes.

You denied the charge and presented as your defense that you worked 24 hours a day. You voluntarily painted the cells being renovated. You were working 20 hours a day in UNICOR. You didn't know anything about the work stoppage, and you had no reason to get involved it.

The DHO considered your defense. The SIS Investigation documented you were believed to be vocalizing your opinions, and motivating other inmates towards a work stoppage for September 18, 2000. Although the SIS Investigation documented you were believed to be vocalizing your opinions, and motivating other inmates towards a work stoppage, the DHO found there was no specific evidence presented to support you were promoting other inmates to refuse to work, or to participate in a work stoppage. The DHO ordered the charge of Encouraging Others to Refuse to Work, or to Participate in a Work Stoppage, Code 213, expunged.

## VI. SANCTION OR ACTION TAKEN

The DHO found there was insufficient evidence to support the charge. The DHO ordered the incident report expunged.

## VII. REASON FOR SANCTION OR ACTION TAKEN

The DHO found there was insufficient evidence to support the charge.

## VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

|  | Yes | X | No |  |  |
|---|---|---|---|---|---|

## IX. DISCIPLINE HEARING OFFICER

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| James Linden |  | Nov. 6, 2000 |
| Report delivered to inmate by: _M. Linch_ | DATE  11/13/00 (LEW) | TIME |

(This form may be replicated in WP)    Replaces BP-304(52) of JAN 88

Attachment B2



# FEDERAL BUREAU OF PRISONS
# m e m o r a n d u m

FCI, McKean, Pennsylvania

**DATE:** December 27, 2000

**REPLY TO ATTN OF:** Bernie D. Ellis, Warden

**SUBJECT:** Inmate Request to Staff Member

**TO:** TANNER, Algienon
Reg No. 05818-040

Your Inmate Request to Staff Member dated November 23, 2000, to David M. Rardin, Regional Director, Northeast Regional Office, was receipted in my office on December 11, 2000, for response. You requested an explanation for your current security level and your impending transfer to a low security level facility.

Upon reviewing your file, you are correct that your Unit Team submitted you for a transfer to a low security facility. However, on September 19, 2000, you were redesigned to USP, Lewisburg, Pennsylvania, due to your possible involvement in a work stoppage at this facility. You have since been exonerated from any disciplinary action regarding your behavior. Unfortunately, it has been determined you played a lesser role in the organizing of a work stoppage at this facility. At this time, you are still a "low" security level inmate and it will be necessary to refer you to an appropriate "medium" security facility in the very near future.

I trust this response has addressed your concerns.

DISCIPLINE HEARING OFFICER REPORT                                 BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                                        FEDERAL BUREAU OF PRISONS

---

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

---

3. The following persons requested were not called for the reason(s) given.

You requested calling three staff members from FCI McKean as a witness. You requested calling Ellen McNinch, Counselor; Marty Sapko, Factory Manager; and David English, UNICOR General Foreman. The staff members from FCI McKean were not called as witnesses because the hearing was conducted at USP Lewisburg. A written statement was provided by Ms. McNinch, Mr. Sapko, and Mr. English, which were considered by the DHO.

The written statement provided by Counselor McNinch documents she could verify you had volunteered as a painter and Unit A-A during the past three years. You could have done this for the past five years, but Counselor McNinch has only been assigned to the unit for the past three years. You were previously assigned to the Paint Shop until your assignment was changed to UNICOR. You did outstanding work in that department, so when you left the Paint Shop, your work supervisor allowed you to paint in the unit if Counselor McNinch made any reasonable requests, and if his shop was unable to immediately do the work. During the summer of 2000, a ceiling project was completed in Unit A-A. You voluntarily painted cells, with the permission of the Paint Shop Supervisor. You did this in your spare time, so more cells could be available to the inmates in a timely manner.

The written statement provided by Factory Manager Sapko documents you were assigned as a production coordinator for the UNICOR night shift crew. You were an above average worker. You worked well was staff and inmates alike. No problems were noted with you. Mr. Sapko had never heard you speak of conducting and/or participating in a work strike.

The written statement provided by UNICOR General Foreman English documents he has been the General Foreman for the night shift in UNICOR for the past six years. You worked for Mr. English for several years. You were an outstanding worker. You were a production coordinator for Mr. English, and sometimes you worked a double shift, helping out on the day shift for Factory Manager Sapko.

---

| 4. Unavailable witnesses were requested to submit written | Yes | | X | No | | N/A | |

---

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

The SIS Investigation written by Lieutenants Ripoll and Fulger, dated October 6, 2000.

---

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

---

IV. FINDINGS OF THE DHO

| | A. The act(s) was(were) committed as charged. |
| | B. The following act was committed: |
| X | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

---

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

Attachment B1

**DISCIPLINE HEARING OFFICER REPORT**                                    **BP-S305.052 MAY 94**
**U.S. DEPARTMENT OF JUSTICE**                                           **FEDERAL BUREAU OF PRISONS**

| INSTITUTION | FCI McKean, Pennsylvania | INCIDENT REPORT NUMBER | | 823325 |
|---|---|---|---|---|
| INMATE NAME | Tanner, Algienon | REG NO | 05818-040 | UNIT | A-A |
| DATE OF INCIDENT | 09-13-2000 | DATE OF INCIDENT REPORT | | 09-13-2000 |
| OFFENSE CODE(S) | 213 | | | |
| SUMMARY OF CHARGE(S) | Encouraging Others to Refuse to Work, or to Participate in a Work Stoppage | | | |

## I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 10-12-2000 at (time) 1934 (by staff member) B. Bacon, Lieutenant

B. The DHO Hearing was held on (date) 11-01-2000 at (time) 1300

C. The inmate was advised of his/her rights before the DHO by (staff member):

Joe Lincalis, Case Manager on (date) 10-15-2000 and a copy of the advisement of rights form is attached.

## II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | | No: | XXX |
|---|---|---|---|---|

B. Inmate requested staff representative and Greg Ulsh, Counselor appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:

N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement:

I contacted Unit Manager Reome. Mr. Reome said inmate Tanner was a good worker. Inmate Tanner worked in Mr. Reome's unit as a painter for no pay.

I talk to Mr. English. Mr. English said inmate Tanner was a very good worker. Inmate Tanner worked as a factory shop coordinator, and he took care of the orders. Mr. English spoke highly of inmate Tanner, and Mr. English was surprised that inmate Tanner would be involved in anything like this.

## III. PRESENTATION OF EVIDENCE

| A. Inmate admits | denies | X | the charge(s). |
|---|---|---|---|

B. Summary of inmate statement:

I worked 24 hours a day. I voluntarily painted the cells they were renovating. I was working 20 hours a day in UNICOR. I didn't know anything about it, and I had no reason to get involved. I didn't know nothing about it until they locked me up.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | XXX | No: | |
|---|---|---|---|---|

Page 1 of 3

Attachment B

*STATUS*

## INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.7, Administrative Remedy Procedure for Inmates, this form will serve as documentation by the respective staff member and his unit manager to indicate an informal attempt to resolve the complaint of the following inmate:

NAME: _TANNER_      Reg. No. _05818040_

FORM TO INMATE: _10-12-00_   STAFF _ULSH_ / _AG_
     (Date)            (Name) / (Unit)

A BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED (PG 1 & P2):

-------------------------------------------------

1. Nature of Complaint (to be completed by inmate): High ranking F.C.I McKean Staff have retaliated against me for exercising my legal rights and for reporting F.C.I McKean's high ranking staff violations of employee standards of conduct; by filing a false incident report against me which resulted in my transfer from F.C.I McKean and my placement in Administrative Detention (See Incident Report No! 823325)

Statements of Fact/List of Events:
(1) Lt Gregory physically assaulted me on February 7, 1999.
(2) Lt Gregory and Lt Childs threaten to place me in segregation and to transfer me out of F.C.I McKean for my use of Administrative Remedy against high ranking staff. (3) Lt Sheets falsified an incident report and threaten to keep me in segregation if I did not keep my mouth shut about the assault on me by Lt Gregory. (4) Captain Rich and Lt Gregory open and confiscated correspondents in a attempt to stop legalaction. (5) Ward Barney O. Ellis was made aware of the situation through Administrative Remedy and did nothing to stop the retaliation and the falsifying of incident reports. (6) There is much more to this complaint: The complaint was filed in the United States District Court for the Western District of Pennsylvania, (See Civil Action No! 00-252E

RELIEF REQUESTED
(A) A full investigation into the merits of this complaint. (B) Disciplinary action and sanctions issued against all staff involved in retaliation against me for using Administrative Remedy and Due Process. (C) Action taken to stop all retaliation by these staff members and any other staff members that may act in their behalf in the future. (D) Notation in my Central File discribing the retaliation, the investigation and sanctions issued against staff. (E) Adequate medical attention to diagnose the under lying cause of my Low red blood cells

_No Response from Staff about this_

_BP 8 ½_

Attachment D

Exhibit 1 A 2

ATTACHMENT #1
LEW 1330.16
Page 2

<u>FOR STAFF USE ONLY</u> (to be completed within 5 days)

2.  Date Received from Inmate: _____

3.  Staff Member Assigned to Respond by U/M: _____

4.  Efforts Made to Resolve the Problem: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.  Applicable Program Statement Used in this Informal Resolution
    Attempt: _____

5.  Inmate's Response to Informal Remedy Attempt: _____

_____

_____

_____

Prepared by: _____

Received by (U/M): _____

Original Returned to Inmate (Date): _____

cc:  Central File

Attachment D-1

U.S. Department of Justice

Federal Bureau of Prisons

**Incident Report**

*Exhibit 1A1*

| 1. NAME OF INSTITUTION |
|---|
| FCI MCKEAN, PA. |

## PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| TANNER, ALGIENON | 05818-040 | 09-13-2000 | 3:00 P.M. |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| FCI MCKEAN, PA. | UNICOR 2 | UNIT A-A |

| 9. INCIDENT | 10. CODE |
|---|---|
| ENGAGING IN OR ENCOURAGING A GROUP DEMONSTRATION IN A WORK STOPPAGE | 213 |

11. DESCRIPTION OF INCIDENT (Date: 13-00  Time: 3:00PM  staff became aware of incident)

ON SEPTEMBER 13, 2000, AT APPROXIMATELY 3:00 P.M., AN SIS INVESTIGATION WAS CONCLUDED WHICH

INMATE TANNER, ALGIENON, #05818-040 WAS INVOLVED IN THE ORCHESTRATION OF A WORK STOPPAGE.

INFORMATION REVEALED THAT A WORK STOPPAGE WAS SCHEDULED FOR MONDAY, SEPTEMBER 18, 2000.

THE INTENT OF THE WORK STOPPAGE WAS TO PROTEST VARIOUS INSTITUTIONAL SECURITY RELATED

CHANGES. SEE ATTACHED SIS REPORT.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| | 09-13-2000/8:26PM | BARBARA ROY, SIS LIEUTENANT |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| | 10-12-00 | 7:20 |

## PART II – COMMITTEE ACTION

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT

18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:
_____ COMMITTED THE FOLLOWING PROHIBITED ACT.

_____ DID NOT COMMIT A PROHIBITED ACT.

B. _____ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.
C. _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS.

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION

20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

21. DATE AND TIME OF ACTION _____ (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

Chairman (Typed Name/Signature)                Member (Typed Name)

STATEMENT SUBMITTED TO THE UDC REGARD-
ING THESE PROCEEDINGS

I, Algenon Tanner state the following
under the penalty of perjury. I have never
participated or conducted my self in any
way that involed encouraging a work or
food strike. I am innocent of the alleged
prohibited act (213)

## REQUESTS

1. I am requesting an informal resolution to
this incident report at the UDC Inital
Hearing stage.

2. I am requesting the UDC to suspend the
Initial Hearing for the maximum time in
order for me, along with the assistance
of a staff representative to prepare
sufficient evidence to informally resalve
this matter

3. I am requesting Couselar Ulsh to be my
Staff representative.

4. I am requesting my staff rep. to secure
statements from the following staff
witnesses at F.C.I. McKean that will
confirm the following facts:

Page 1 of

2 of 4

I worked for Mr Sanco, Factory Manager of unicor as the Production Coordinator of the factory. I worked double shifts 16 hours a day starting the last week in August 2000 up to sept 13, 2000. Sometimes I would put in 20 hours a day This is documented.

I also worked the Second Shift for Mr Dave English, General Foreman of the Night Shift. I was also the Production Coordinator of the Night Shift.

I also worked for Mis McNinch, AA Unit Counselor, I was the unit painter for the past 5 years "Volentary" with out pay. I also helped paint the cells after the security Related Change was made. "Volentary"

I have put in request for the blood test done here at Lewisburg Prison to verify that I have low red blood cells and am in need of all the food I can geat to manitain my health. I can not in any way parpisitate in any food strike.

3 8o 4

5. I am requesting copies of all statements made against me regarding this incident report, the 515 Investigative Report, Investigators Reports, and all other information/documentation being used against me in those proceedings.

6. I am requesting a copy of all documentation created as a result of this UDC Initial Hearing which would include a copy of this submission.

7. I am requesting that I be permitted a minimum of 2 hurs in the Law Library prior to the UDC's ruling (Finding/recommendation) in this matter
In the event that the UDC denies my request to suspend the Initial Hearing in order for me to prepare sufficient evidence to informally resolve this matter.

8 I am requesting that I be allowed sufficient time (30) thirty days to prepare my defense and that I am also allowed sufficient time in the Law Library prior to the DHO Hearing.

Please respond in writing to all my request.

As a result of the seriousness of the alleged prohibited act, my claim of innocence, and the harry restrictions placed on me as a result of A/D, all of the requests stated herein are justified and warranted, and permitted by BOP Policy.

Pursuant to Title 28 USC, Section 1746, I, Algienon Tanner, state under the penalty of perjury that all statements contained herein are true and corret to the best of my Knowledge and belief.

Respeatfully submitted this ____ day of October, 200

Algienon Tanner
#05818-040

Department of Justice
Federal Bureau of Prisons

**Incident Report**

| | | |
|---|---|---|
| **1. NAME OF INSTITUTION** | | |
| FCI MCKEAN, PA. | | |

## PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| TANNER, ALGIENON | 05818-040 | 09-13-2000 | 3:00 P.M. |
| **6. PLACE OF INCIDENT** | **7. ASSIGNMENT** | **8. UNIT** | |
| FCI MCKEAN, PA. | UNICOR 2 | UNIT A-A | |

| 9. INCIDENT | | 10. CODE |
|---|---|---|
| ENGAGING IN OR ENCOURAGING A GROUP DEMONSTRATION IN A WORK STOPPAGE | | 213 |

**11. DESCRIPTION OF INCIDENT (Date: 9-00  Time: 3:00P) Staff became aware of incident)**

ON SEPTEMBER 13, 2000, AT APPROXIMATELY 3:00 P.M., AN SIS INVESTIGATION WAS CONCLUDED WHICH
INMATE TANNER, ALGIENON, #05818-040 WAS INVOLVED IN THE ORCHESTRATION OF A WORK STOPPAGE.
INFORMATION REVEALED THAT A WORK STOPPAGE WAS SCHEDULED FOR MONDAY, SEPTEMBER 18, 2000.
THE INTENT OF THE WORK STOPPAGE WAS TO PROTEST VARIOUS INSTITUTIONAL SECURITY RELATED
CHANGES. SEE ATTACHED SIS REPORT.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| | 09-13-2000/8:26PM | BARBARA ROY, SIS LIEUTENANT |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| L.B. Acox | 10-12-00 | 739 p |

## PART II – COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

Inmate provided written statement. This Incident Report was not provided in timely manner.

**18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:**
_____ COMMITTED THE FOLLOWING PROHIBITED ACT.

_____ DID NOT COMMIT A PROHIBITED ACT.

**B.** _____ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.

**C.** _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDAR DAYS.

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

Due to severity of charges UDC is forwarding this report to the DHO.

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)**

If found guilty the UDC recommends sanctions appropriate to the charges.

**21. DATE AND TIME OF ACTION** 10-12-00 / 9:30 a.m.  (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| D. Anderson / T. Park | | |
|---|---|---|
| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |

Original — Central File Record          Blue — To Inmate after UDC Action
Yellow — DHO          Pink — To Inmate within 24 hours of Part I on

WRITTEN STATEMENT SUBMITTED BY TANNER, A.O.
RE: HEARING FOR INCIDENT REPORT NO. 863325,
ISSUED TO Algienon Tanner #05818-040

Pursuant to title 25 USC, Section 1746, I
Algienon Tanner, state under the penalty of
perjury that all statements contained herein
are true and correct to the best of my
belief and Knowledge.

I am now formally requesting a delay
To these proceedings because of the following
violations of the CFR, Bureau Policy; and my
right to due process; or an expungement to
this incident report because of those violation
and because of my innocense.

1) I have not been allowed sufficient/reasonable
access to a Law Library or to Bureau Policies
prior to this hearing which would allow me
to fully understand these proceedings.

2) I requested Couselor Ulsh as my Staff
representative at the U.D.C. Hearing, The U.D.C
Officer failed to inform Couselor Ulsh of my
request; Therefore my staff prep in these
proceedings has failed to; (a) respond to my
request/inquiries (inwriting as per my requests)
(b) Sufficiently consult with me; (C) assist in
my defense, (d) ensure that I am familiar
with the Inmate Discipline Program Statement; and
(e) help me understand the charges and

potential consequenses.

3) I have not been permitted to review the information/evidence being used against me in these proceedings prior to this hearing in order to allow me to prepare an adequate defense.

4) It is unknown to me whether my staff rep has complied with the following requirements; (a) spoke to my requested witnessess, (b) become familiar with all reports relative to these proceedings, and (c) prepared any evidence favorable to my defense.

5) My staff rep, has failed to explain in advance the proceedures regarding these proceedings.

6) My immediate transfer from FCI McKean on 9-14-00 was a deliberate and unnecessary action committed to predjudice my defense.

7) I have not been provided with the reason(s) for my immediate transfer from FCI McKean to USP Lewisburg

Pare 2 of 8

8) I was threaten by SIS Lt Gregory and Lt Chido; they specifically stated they would put me under SIS investigation, having me locked up in segregation for any charge they wished and they would have me transferred out of the Institution.

They made these threats because I was useing Institution and BOP Policy in failling administrative Remedys for threating and assaultive behavior by Staff against inmates.

9) I believe this SIS Investigation and this transfer is a direct result of the threats of these Two Lieutenant's and other high ranking officers at F.C.I. McKen as for a result law suit that I filed for ausultive behavior and medicial indifference.

10) I am requesting an O.I.A. investigation into this matter.

11) I am requesting a polygraph test to back up my innocence.

Page 3 of 3

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

~~WAIVED~~

MAR 0 9 2001

FCI FAIRTON
WARDEN'S OFFICE

**REQUEST FOR ADMINISTRATIVE REMEDY**

Exhibit 111-115

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | TANNER , ALGENION | 05818- 040 | C - L | FAIRTON FCI |
|---|---|---|---|---|
| | **LAST NAME, FIRST, MIDDLE INITIAL** | **REG. NO.** | **UNIT** | **INSTITUTION** |

**Part A– INMATE REQUEST**  This Administrative Remedy requests that you, Warden Olson, remove the Management Variable placed on me in violation of the due process of law. The Management Variable (the "Variable") was placed after a pattern of retaliation against me for pursuing my right to employ the Administrative Remedy Procedure greiving a physical assault committed on me by BOP staff at McKean FCI. Additionally, I bring notice to you that I have in fact been subjected to indifferent and extremely cruel treatment by BOP officers, including Medical Dept. staff. The injury and behavior continues and I ask that you halt it. The Variable must be removed and although I have requested my Unit Team do so (see 2/16/01 "Cop-out"), their response is insufficient. Note FCI McKean Warden Ellis' 12/27/00 Memorandum totally disregarding the DHO's 11/6/00 decision ordering expungement of incident report # 823325 and using terms such as "possible involvement" and "it has been determined you played a lesser role" to justify a transfer (and Variable) to a "medium" security facility. That action and any responsible party/official that extends its consequences to me is in violation of BOP regulations and plainly injures me in violation of procedural due process rights. Please remove the Variable immediately. It keeps me distanced from my family and other benefits.

*March 10, 2001*    (See Attachments A - F, and other documents)    *Algenion Tanner*
_____     herewith, in the BP-8            _____
DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____                              _____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: 234783-F1

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           **LAST NAME, FIRST, MIDDLE INITIAL**    **REG. NO.**    **UNIT**    **INSTITUTION**

SUBJECT: _____

_____              ♲                  _____
DATE                  Printed on Recycled Paper        RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                    BP–229(13)
                                                          APRIL 1982

J.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Ms. Buggs, Case Mgr., C-1 | 2/16, 2001 |
| FROM: | REGISTER NO.: |
| Algenion Tanner | 05818-040 |
| WORK ASSIGNMENT: | UNIT: |
| CMS, Maintenance II | C-L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Ms. Buggs, on February 8, 2001, I gave an Inmate Request to my counselor
Mr. Cord concerning a Management Variable that was wrongfully placed upon
me for an Incident Report (#823325) that was expunged by the Disciplinary
Hearing Officer on November 1, 2000. Mr. Cord referred the Inmate Request
to you to be informally resolved and provided attachments with the BP-8.
those same attachments I attach hereto, i.e.: Incident Report #823325;
DHO's Report expunging the referenced incident report; my November 7, 2000,
letter to the Unit AA Team requesting confirmation of my security level and
transfer: Informal Resolution Request— no response: Memorandum form Bernie
D. Ellis, Warden— FCI McKean. Additionally, I now attach Program Statement
5100.06, p.20, § V. In light of these submissions demonstrating the expung-
ment of the "shot" which previously formed the basis for the management var-
iable, I respectfully ask for the removal OF THE Greater Severity Management
Variable that remains placed on me below this line and unfairly an unreasonably
affects my adjustments, transfers, programs, etcetera. The instant actions
DISPOSITION: you take to reopen my case insofar as the expunged incident report
is without justification. Please remove the Management Variable,
drop my security level, and transfer me to FCI Milan.

The Sis Report from FCI McKean regarding a work stoppage that you was involved in
indicated that you had an indirect role in this Disturbance; Because of your limited
participation, the DHO Determined that there was no specific evidence presented
to support you were promoting other inmates to refuse to work or participate in a work
stoppage. Based on the DHO Finding you were not guilty. Despite the DHO's decision
the minor role you had was sufficient for the Warden at FCI McKean to decide that
you require a greater level of security. When your unit team submitted a transfer
referral for ~~——~~ you to be placed in an institution with Greater Security, the NERO
applied the MGTV "Greater Security". Your Request is Denied.

| Signature Staff Member | Date |
|---|---|
| Buggs | 2/17/01 |

cord Copy - File; Copy - Inmate

(This form may be replicated via WP) This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**FEDERAL CORRECTIONAL INSTITUTION**
Fairton, New Jersey

**ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES**

**INFORMAL RESOLUTION FORM**

This form is to be completed by the Correctional Counselor.

DATE: *Feb 7, 2001*

INMATE: *Algienon Tanner*

REG. NO: *05818-040*          UNIT: *C-Left*

1. INMATE'S COMPLAIN: *A management Variable was placed upond me for a Incident Report #823325, I was found Not guilty of the incident and the management Variable should have been taken off me at that time. I am a low Security Level Inmate's The management variable was placed upond me in retaliation of my Due Process rights.*

2. RELIEF REQUESTED: *I am asking my unit team to take the management Variable off me and send me to a low security facility. or give me the reason why not in writing.*

3. EFFORTS MADE BY INMATE TO INFORMALLY RESOLVE THE COMPLAINT
( INCLUDING NAMES OF STAFF CONTACTED ): *"See Attachments" No Response from Staff about the BP 8½ filed at Lewisburg, See Attachment D and D-1, Also see Attachments A-and A-1, B through B-2 and C through C-2 and Attachment E (See Civil Action Case No. 00-252E)*

4. EFFORTS MADE BY STAFF TO INFORMALLY RESOLVE THE COMPLAINT: *CSW reviewed Central File for copy of SIS Investigation Report, Report was not in Central File, CSW will Request SIS Report from FCI McKean. Upon receipt of report CSW will research inmates allegations. BP is postponed till receipt of SIS Report from McKean. Other issues in your file include you were Great Staul that a low security facility can provide*

Date Informally Resolved: _____

OR

Date BP-229 Issued: ~~2-8-01~~ *V. Briggs*   2-23-01 *V. Briggs*

x _____          _____
CORRECTIONAL COUNSELOR          UNIT MANAGER

*2-23-01 I became aware of this matter 2-28-01*

*postponed until recvt of SIS rept V. Briggs 2-14-01*



# FEDERAL BUREAU OF PRISONS
# m e m o r a n d u m

FCI, McKean, Pennsylvania

DATE:    December 27, 2000

REPLY TO
ATTN OF:    Bernie D. Ellis, Warden

SUBJECT:    Inmate Request to Staff Member

TO:    TANNER, Algienon
Reg No. 05818-040

Your Inmate Request to Staff Member dated November 23, 2000, to David M. Rardin, Regional Director, Northeast Regional Office, was receipted in my office on December 11, 2000, for response. You requested an explanation for your current security level and your impending transfer to a low security level facility.

Upon reviewing your file, you are correct that your Unit Team submitted you for a transfer to a low security facility. However, on September 19, 2000, you were redesigned to USP, Lewisburg, Pennsylvania, due to your possible involvement in a work stoppage at this facility. You have since been exonerated from any disciplinary action regarding your behavior. Unfortunately, it has been determined you played a lesser role in the organizing of a work stoppage at this facility. At this time, you are still a "low" security level inmate and it will be necessary to refer you to an appropriate "medium" security facility in the very near future.

I trust this response has addressed your concerns.

P.  **SENTENCE LIMITATION:**  Discontinued.

Q.  **SLIDING SCALE:**  Discontinued.

R.  **WORK CADRE:**  At secure facilities without satellite camps, the Regional Director may authorize a certain number of work cadre inmates to perform work outside the perimeter of the institution.  **In some cases, placement may be outside normal guidelines, and this Management Variable shall apply.**

S.  **PSF WAIVED:**  An inmate may receive up to three Public Safety Factors (PSF) affecting placement.  PSFs may be waived after review and approval by the Regional Director or designee.  **When Public Safety Factors are waived causing placement outside normal guidelines, this Management Variable shall apply.**

T.  **OTHER:**  Discontinued.

U.  **MARIEL CUBAN DETAINEE:**  Mariel Cuban Detainees are given an initial custody and security level.  However, custody classification forms are not completed on Mariel Detainees due to the unavailability of certain data at designation (i.e. current offense, length of time remaining to serve, accurate criminal history).  Therefore, transfers for positive or negative behavior may cause placement of a Mariel Detainee in a facility different from his initial security or custody level.  **This Management Variable shall be applied by the Community Corrections and Detention Division, Central Office.**

**Mariel Cuban Detainees whose security or custody level does not match that of their facility will have this Management Variable applied.**  Sentenced Mariel Cuban inmates will <u>only</u> have this Management Variable added if they are ordered detained upon expiration of their federal sentences and their security or custody level does not match that of their facility.

V.  **GREATER SECURITY:**  There may be security concerns which are not adequately reflected in the classification scheme.  **In circumstances where an inmate represents a greater security risk (i.e., pending charges, detainer, escape risk but no DHO finding etc.) than their assigned security level, they may be placed in an institution outside normal guidelines, and this Management Variable shall apply.**

*Attachment F*

*STATUS*

ATTACHMENT #1
LEW 1330.16
Page 1

## INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.7, <u>Administrative</u>
<u>Remedy Procedure for Inmates</u>, this form will serve as
documentation by the respective staff member and his unit manager
to indicate an informal attempt to resolve the complaint of the
following inmate:

NAME: _TANNER_____    Reg. No. _05818040_

FORM TO INMATE: _10-12-a_    STAFF _ULSH_ / _AG_
                 (Date)              (Name)      (Unit)

A BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED
(PG 1 & P2):
------------------------------------------------------------------
1.   Nature of Complaint (to be completed by inmate):

_____

_____

_____

_____

_____

_____

_____

_____

_____

Informal Resolution Attempt

Dec , 2000

Nature of Complaint: High ranking FCI McKean Staff
have retaliated against me for exercising my legal
rights and for reporting FCI McKean's high ranking staff
violations of employee standards of conduct; by filing a
false incident report against me which resulted in my transfer
from FCI McKean and my placement in Administrative
Detention (see Incident Report No: 823325 )

Statements Of Fact / History Of Events:
1. Lt Gregory physically assaulted me on February 1999
2. Lt Gregory and Lt Chido threaten to place me in segregation and
   to transfer me out of FCI McKean for my use of Administrative
   Remedy against high ranking Staff.
3. Lt Sheets falsifyed an incident report and threaten to Keep
   in segregation if I did not Keep my mouth shut about
   the assault on me by Lt Gregory.
4. Captain Rich and Lt Gregory opend and confiscated
   correspondents in a attempt to stop legal action .
5. Warden Barney D. Ellis was made aware of the situation
   through Administrative Remedy and did nothing to stop
   the retaliation and The falsifying of incident reports
6. There is much more to this complaint; The complaint was
   filed In The United States District Court For The Western
   District of Pennsylvania, Civil Action No. 00-252E

Exhibit TF1

Nov 7, 2000

To: Unit AA Team
1: Unit Manager, Mr Reome
2: Case Manager, Mr Lebesky
3: Counselor, Mis Mc Ninch
Adaress: Federal Correctional Institution McKean
P.O. Box 8000
Bradford, PA. 16701-0990

From: Algienon Tanner
#05818-040
United States Penitentiary
P.O. Box 1000
Lewisburg, PA. 17837

RE: 1. Security Level
2. Transfer To Low Security, "FCI Milan".

Dear Unit AA Team:
        Pursuant to the FOIA/PA, Title 5 USC, I am
requesting the following information concerning my
immediate Security Level and Transfer.

        Prior to September 13, 2000 I was informed
by my Case Manager, Mr Lebesky that my security
level was lowered from a medium security to a
Low security. Therefore Mr Lebesky put me in
                Page 1 of 3
                    Attachment C

Exhibit 1F2

for a transfer, "Apond my request" to FCI Milan.

On September 13, 2000 at approximately 6:00 P.M. while working at Unicor, I was taken to segregation for a SIS investigation and was transferred on September 14, 2000 at 5:00 A.M. to the United States Penitentiary in Lewisburg, PA, pending the outcome of the Incident Report, Code 213, "Engaging In OR Encouragin A Group Demonstration In A Work Stoppage." I was given the Incident Report on October 12, 2000. The UDC hearing was held on October 15, 2000 and the Incident Report was referred to the DHO. The DHO hearing was held on November 1, 2000, at which time the DHO found me Not Guilty of the Incident Report and Expunged it from my record.

The DHO Officer told me at that time that my Security Level would not be changed from a Low Security and I could be transferred or sent back to McKean, And I would also Keep my Job and longevity at Unicor. That nothing would change because of the Incident Report. The DHO Officer ask me if I understood, and said I did understand.

I was told by the segregation Case Manager Mr Howser of USP Lewisburg that I should write to my Unit Team at FCI McKean To

Page 2 of 3

substantiate my security level has remained the same and to confirm that my transfer has been resubmitted.

Please respond in writing.

Pursuant to Title 28 USC, Section 1746, I state under the penalty of perjury that all information contained herein is true and correct to the best of my knowledge.

Sincerely  Algienon Tanner

Algienon Tanner
#09818-040
United States Penitentiary
P.O. Box 1000
Lewisburg, PA. 17837

You can contact Mr. Hessel, Case Mgr. At Lewisburg for a copy of said custody classification. Also I have been instructed to process you for a Closed Supervision Transfer.

Page 3 of 3
Attachment C-2

U.S. DEPARTMENT OF JUSTICE    EXHIBIT NO    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons    WARDEN'S OFFICE

From: Tanner, Algernon _____ 05818-040 _____ C-L _____ Fairton FCI
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A– INMATE REQUEST (reconsider by the order of Washington)–This administrative remedy requests that you, warden Olson, remove the Management Variable (the "Variable") placed on me in violation of the due process of law. The; variable was placed after a pattern of retaliation against me for pursuing my right to employ the administrative remedy procedure reiving a physical assault committed on me by BOP staff at McKean FCI. Additionally, I bring notice to you that I have in fact been subjected to indifferent and extremely cruel treatment by BOP officers, including Medical Dept. Staff. The injury and behavior continues and I ask that you halt it. The Variable must be removed and although I have requested my unit team to so (see 2/16/01 "Cop-out"), their response is insufficient. Note FCI McKean warden Ellis' 12/27/00 Memorandum totally disregarding the DHO's 11/6/00 decision ordering expungement of incident report #823325 and using terms such as "possible involvement" and "it has been determined you played a lesser role" to justify a transfer (and Variable) to a "medium" security facility. That action and any responsible party/official that extends its consequences to me is in violation of BOP regulations and plainly injures me in violation of procedural due process rights. Please remove the Variable immediately. It keeps me distanced from my family and other benefits. (See Attachments A-F, and other documents herewith, in the BP-9)

See also BP8 filed on May 28th, 2001. Unit team stated in writing that I had vocalized my opinion and has paperwork to verify. This is a false statement. I have all the paperwork relevant to said actions, and vigorously deny all allegations in writing. Unit manager also stated that the Northeast Regional office denied my request for relief. This is further retaliation against me.

_____5/11/01_____          _____A. Algernon Tanner_____
        DATE                                    SIGNATURE OF REQUESTER

Part B– RESPONSE

                    Refer to attached response.

_____6-27-01_____
        DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 241887-F1

                                    CASE NUMBER: _____

Part C– RECEIPT
Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____          _____
        DATE                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                          Previously BP-DIR-9                          BP-229(13)

# FEDERAL CORRECTIONAL INSTITUTION
Fairton, New Jersey

## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

### INFORMAL RESOLUTION FORM

This form is to be completed by the Correctional Counselor.

DATE:  May 18, 2001

INMATE:  Algenion Tanner

REG. NO: 05818-040          UNIT:  C-1

1. INMATE'S COMPLAIN:  As per the BOP Central Office's instruction in its rejection notice to my Administrative Remedy, No. 234783-A1, wherein I had requested termination of retaliatory consequences that I still suffered with respect to a Management Variable that was placed on me for asserting my First Amendment Rights to grieve: Central Office advised me that the Fairton Institution would reconsider my request for relief. I have

2. RELIEF REQUESTED: spoken to Unit Team, A/W, Acting Captain... with no response
I request that the original administrative remedy I submitted on March 19, 2001 be addressed, that I be treated fairly (not mistreated), and the management variable removed. Ultimately, my hope is and has been to be closer to my family; thus, I ask for an immediate transfer to Milan, MI.

3. EFFORTS MADE BY INMATE TO INFORMALLY RESOLVE THE COMPLAINT
( INCLUDING NAMES OF STAFF CONTACTED ):  I have talked to each member of my Unit Team and each time I am effectively ignored as if the administrative remedy procedure is trivial, as it is with indifference that I am treated.

4. EFFORTS MADE BY STAFF TO INFORMALLY RESOLVE THE COMPLAINT:
I REVIEWED ALL ASSOCIATED PAPER WORK AS WELL AS PAST RESPONSES. THE DHO AT FCT MCKEAN DID FIND "THAT THERE WAS NO SPACIFIC EVIDENCE PRESENTED TO SUPPORT THE CHARGE". HOWEVER, FCT MCKEAN FELT A NEED TO HAVE YOU REMOVED FROM THE INSTITUTION DUE TO AN SIS INVESTIGATION WHERE AS YOU ADMITTED TO VOCALIZING YOUR OPINIONS. THEREFOR A (323) OR A CLOSE SUPERVISION TRANSFER WAS GENERATED, WITH A MANAGEMENT VARIABLE ADDED

Date Informally Resolved: _____
            OR
Date BP-229 Issued:  5-23-01

_____          _____
CORRECTIONAL COUNSELOR          UNIT MANAGER

BY THE REGION OF THE NORTHEAST REGIONAL OFFICE. YOUR REQUEST IS DENIED

EXHIBIT III

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 1, 2001


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : ALGIENON TANNER, 05818-040
      FAIRTON FCI     UNT: C     QTR: C01-119U
      PO BOX 280, HIGHWAY 698
      FAIRTON, NJ 08320


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID         : 234783-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED     : APRIL 19, 2001
SUBJECT 1         : SECURITY/CUSTODY CLASSIFICATION - EXCEPT PSF APPEALS
SUBJECT 2         :
INCIDENT RPT NO:

REJECT REASON 1:  YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                  WRONG LEVEL. YOU SHOULD HAVE FILED AT THE
                  INSTITUTION, REGIONAL OFFICE, OR CENTRAL
                  OFFICE LEVEL.

REJECT REASON 2:  SEE REMARKS.

REMARKS           : YOU SHOULD PROVIDE INST. STAFF WITH A COMPLETE
                    EXPLANATION OF THIS MATTER. STAFF HAVE AGREED TO
                    RECONSIDER THIS REJECTION.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

*Exhibit 1K1-1K4*

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _Algienon Tanner_ _____ _05818-040_ ___ _C-L_ ___ _Fairton FCI_
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**  Administrative Remedy # 234783-R1 was dismissed as untimely by Fairton FCI Warden Keith Olson and the Regional Director David Rardin (as it directed notice to him).  The BOP's blithe treatment of this Administrative Remedy and the Agency's deliberate indifference to, and espousal of, the retaliatory actions (because at each instance the agency's staff is put on notice of the ongoing nature of the harm I suffer) is unjustiafiable and deprives me of due process to have my grievance addressed properly. A respectful review of the BOP's  responsibilities pursuant to the Code of Federal Regulations § 540 et seq, its Policy Statements , 18 U.S.C. § 3626, and 42 U.S.C § 1997 should demonstrate and inform that not only am I not untimely in this Administrative Remedy Process, but that it is in violation for the extension of the injuries the BOP and its staff perpetuate against me. Note, I suffer serious health problems and thus the injuries are compounded. The Management VAriable must be  removed; I request transfer to a facility closer to my family, and my grievances addressed properly.

(From the attachments I submit herewith it should  be readily evident that this grievance is not and has not been untimely)

Lastly, I point out that the grievance has its origin tied to an assault complaint. Attachment D

_04/16/01_ _____     _Algienon Tanner_ _____
     DATE                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

APR 19

ADMINISTRATIVE REMEDY BRANCH

_____        GENERAL COUNSEL
     DATE

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _234783_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                        CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

_____                                         BP-231(13)
     DATE                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL         APRIL 1982
USP LVN

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 29, 2001

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : ALGIENON TANNER, 05818-040
      FAIRTON FCI      UNT: C    QTR: C02-926L
      PO BOX 280, HIGHWAY 698
      FAIRTON,  NJ 08320


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 234783-R1      REGIONAL APPEAL
DATE RECEIVED    : MARCH 22, 2001
SUBJECT 1        : SECURITY/CUSTODY CLASSIFICATION - EXCEPT PSF APPEALS
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS        : THE WARDEN PROPERLY REJECTED YOUR ADMINISTRATIVE
                 REMEDY FOR BEING UNTIMELY.

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **TANNER    ALGIENON**          **05818-040**          **C-I**          **FAIRTON FCI**

   LAST NAME, FIRST, MIDDLE INITIAL                  REG. NO.                UNIT                INSTITUTION

**Part A—REASON FOR APPEAL**    THE March 12, 2001 Rejection Notice  from Warden Olson to my March 10, 2001 Administrative Remedy Request (BP-9) as untimely, plainly demonstrates the BOP's — and its staff members who are made aware — continuing refusal to address and/or correct the grievous treatment that I complain of, and thus extending the retaliation and its indisputable injury I suffer— all in violation of my constitutional rights. The March 10, 2001 BP-9 grievance is herein realleged and incorporated.  An adequate and fair review of the 3/10/01 BP-9's attachments (also attached in full hereto) clearly delineates the diligence I have taken  with respect to the administrative remedy procedure with the need to prevent and thereafter to remedy the treatment from specified BOP staff members and their acts which cause me and my federal rights injury. Note additionally, that Regional Director David Rardin is personally responsible for the perpetuation of my distress and grievance. Therefore, I re-assert notice to the Regional Director , David Rardin, to please correct the indisputable unconstitutional treatment that I complain of, and which is chronologically, and unambiguously described in my attachments.  I request that the Management Variable placed on me  now be removed and that I be transferred closer to my family as I had dutifully engaged the Administrative Remedy Procedure to obtain. (Attachments enclosed).

_March 20, 2001_
      DATE

_Algienon Tanner_
      SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                    _____
          DATE                                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _234783-R1_

**Part C—RECEIPT**

                                        CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____                    _____
      DATE                              SIGNATURE RECIPIENT OF REGIONAL APPEAL

BP-230(13)

EXHIBIT 115

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 12, 2001

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FAIRTON FCI

TO   : ALGIENON TANNER, 05818-040
       FAIRTON FCI     UNT: C     QTR: C02-926L
       PO BOX 280, HIGHWAY 698
       FAIRTON,  NJ 08320


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 234783-F1       ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : MARCH 12, 2001
SUBJECT 1       : SECURITY/CUSTODY CLASSIFICATION - EXCEPT PSF APPEALS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE EVENT COMPLAINED
                 ABOUT:

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed. submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10. including any attach-ments must be submitted with this appeal.

| From: | TANNER, ALGENION | 05818-040 | C-L | Fairton FCI |
|---|---|---|---|---|
| | LAST NAME. FIRST. MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**  This Administrative Remedy is to appeal the Northeast Regional Director, David Rardin's denial of Appeal No. 241887-R1. This matter now comes before the General Counsel for at least the third round to remedy the unlawful treatment that I have suffered at the "hands" of the BOP with direct involvement by Warden Ellis and David Rardin — essentially in a conspiratorial agreement.  I request, and previously have requested, inter alia, that a management variable which was placed on me for the unsub-stantiatable involvement in a work stoppage at McKean FCI that was ordered expunged by the DHO that reviewed the evidence — or lack of, rather. The close supervision transfer ordered and executed by order of Warden Ellis was, to repeat, for my having invoked the BOP Administrative remedy Procedures for assault by BOP Security staff and medical staff mistreatment in which Warden Ellis also acted to injure me.  The fact is that the Chief Executive Officer's are required to investigate allegations of physical mistreatment by officers at the institution, and this duty travels up the heirarchy (BOP) when Adminis-trators are separately alerted ;of the violations of an inmates civil rights.  The Re-gional Director, David  Rardin  personally chooses to disregard his duty and instead adhered, and continues,to  acts which severely, intentionally, and maliciously harm me. It is irrelevant that David Rardin did not himself deny the ADMINISTRATIVE REMEDY AT ISSUE He remains directly responsible.  The Management Variable is misapplied and must be removed.

Aug 19, 2001
_____
DATE

Algenion Tanner
_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
AUG 2 3 2001
RECEIVED
ADMINISTRATIVE REMEDY BRANCH
SEP 10 2001
ADMINISTRATIVE REMEDY BRANCH

| DATE | GENERAL COUNSEL |
|---|---|

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 241887--A2

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST. MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|---|---|

USP LVN

Previously BP–DIR–11

BP–231(13)
APRIL 1982

**TANNER, Algienon**
Reg. No. 05818-040
Appeal No. 241887-R1

---

### Part B - Response

You appeal the decision of the Warden at FCI Fairton to deny your
request to remove your current management variable. You claim
the management variable was placed on you in retaliation for
pursuing administrative remedies and bogus information was used
as the basis for the application. You request removal of the
management variable.

Program Statement 5100.07, <u>Security Designation and Custody
Classification Manual</u>, permits staff to use professional
judgement within specific guidelines in making classification
decisions. Staff must consider all information available
regarding the inmate. The Security Designation and Custody
Classification Manual uses management variables to provide
reasonable justification for housing an inmate in an institution
not commensurate with their security level.

Records indicate, on December 18, 2000, you were approved for a
close supervision transfer to FCI Fairton based on your
involvement in a work stoppage at FCI McKean. Although
insufficient evidence existed to find you had committed a
prohibited act in relation to the orchestration of the work
stoppage, an investigation concluded that you were involved in
the work stoppage. The Warden has the discretion to recommend
you for transfer to a less secure facility or to request a
management variable based on a review of your records or your
participation in a particular program. On February 1, 2001, this
office concurred with the request for a Greater Security
management variable based on your involvement in the above
incident. Staff will review your case on a regular basis for
removal of the management variable and possible transfer to a
less secure facility. There is no evidence that staff acted in a
retaliatory manner toward you, or that erroneous information was
used, when the management variable was applied. Accordingly,
your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons. Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

DATE: August 8, 2001

DAVID M. RARDIN
Regional Director

**Administrative Remedy No. 241887-A2**
**Part B - Response**

You appeal the Warden's response to your Request for
Administrative Remedy concerning the application of a "Greater
Security" Management Variable in your case.  Specifically, you
maintain the Management Variable has been misapplied in your case
and must be removed.

The issue you have raised is a matter which falls within the
authority of the Regional Director as set forth in Bureau of
Prisons Program Statement 5100.07, <u>Security Designation and
Custody Classification Manual</u>.  Management Variables provide
justification for housing an inmate in an institution which is
not consistent with the security level assigned to the inmate, as
there may be security concerns which are not adequately reflected
in the classification scheme.  A Management Variable is applied
to reflect and support the professional judgment of Bureau of
Prisons staff in order to ensure the inmate's placement in the
most appropriate security level institution.  In circumstances
where an inmate represents a greater security risk than their
assigned security level, they may be placed in an institution
outside normal guidelines, and the "Greater Security" Management
Variable applies.

Both the Warden and Regional Director have reviewed your case and
have determined your involvement in a work stoppage at FCI McKean
warrants this determination.  Accordingly, a Management Variable
of "Greater Security" was applied in your case.  With the
application of this Management Variable, FCI Fairton is an
appropriate facility for you.  Finally, there is no evidence that
erroneous information was used or that staff acted in a
retaliatory manner against you.  As noted by the Regional
Director, your case will be reviewed on a regular basis for
removal of the Management Variable and possible transfer to a
less secure facility.

Our review of the material submitted indicates the Management
Variable decision made in your case is appropriate and in
accordance with the above-referenced policy.  Accordingly, your
appeal is denied.

_November 2, 2001_
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

RECEIPT – ADMINISTRATIVE REMEDY

DATE: JULY 24, 2001

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : ALGIENON TANNER, 05818-040
      FAIRTON FCI    UNT: C    QTR: C01-119U

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 241887-R1
DATE RECEIVED   : JULY 11, 2001
RESPONSE DUE    : AUGUST 10, 2001
SUBJECT 1       : OTHER CLASSIFICATION MATTERS
SUBJECT 2       :
INCIDENT RPT NO:

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: TANNER, ALGENION                    05818-040          C-L              FCI FAIRTON
     LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.         UNIT             INSTITUTION

**Part A—REASON FOR APPEAL** THE INSTANT BP-9 (REGIONAL) EFFORT EQUATES TO ANOTHER SPIN ON THE ADMINISTRATIVE REMEDY MERRY-GO-ROUND THAT I FIRST INSTITUTED ON OCTOBER 12, 2001. (See Informal Resolution Attempt - Attachment D). That attempt remained unanswered; however, evidence of my attempt is indisputable in Bernard Ellis', Warden, FCI McKean, 12/27/00 Memorandum reflecting my "Inmate Request to Staff Member dated 11/23/00, to David M. Rardin, Regional Director, Northeast Region" which is not - and has never been untimely. The BOP Appeals Section May 1, 2001 "Rejection Notice" returned my remedy with the remark that the FCI Fairton Institution would now reconsider my remedy request. SIS Lieutenant Lawlor was Acting Unit Manager at all relevant times in the reconsideration and apparently used his Security position to communicate with the SIS Office in FCI McKean (and/or the Regional Director D. Rardin) - see Informal Resolution of May 18, 2001, attached.  Lt. Lawlor resurrected a bogus 3/17/00 Incident Report # 764714 in the Fairton's reconsideration - instead ordering my further detention in the Segregated HOusing Unit (SHU) to "investigate" that incident.  The DHO ordered the Incident Report expunged and I was released. There is nothing less than pure invidious, retaliatory treatment of my person and  each individual BOP official refuses to fairly address my administrative remedy. Therefore, I incorporate fully and reassert BP-9, Administrative Remedy No. 241887 -F1 (Attached) in toto, and seek the same remedies.

_July 9, 2001_                              _Algenion Tanner_
     DATE                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**


_____                             _____
     DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _241887-R1_

**Part C—RECEIPT**

                                            CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT         INSTITUTION

SUBJECT: _____

                                                                 BP-230(13)
                                                                 APRIL 1982

Tanner, Algenion
Reg. No. 05818-040
Administrative Remedy #241887-F1

---

## PART B-RESPONSE

This is in response to your Request for Administrative Remedy in which you request a management variable placed on you be removed.

An investigation into this matter reveals while incarcerated at FCI McKean, you were identified by the SIS office as being involved in the orchestration of a work stoppage. On September 13, 2000, as a result of your alleged involvement, you were transferred from FCI McKean to USP Lewisburg as a holdover pending an investigation. You were received at FCI Fairton from USP Lewisburg on December 22, 2000, as a Close Supervision Transfer. While your custody classification indicates you are a low level inmate, due to your alleged involvement in the work stoppage a management variable for Greater Security was placed on you which justifies your placement at a medium level facility.

You claim the incident report you received for your alleged involvement in the incident was expunged, therefore the management variable should be removed. An incident report was written on you for your alleged involvement in a work stoppage and was expunged by the DHO on November 2, 2000. The DHO found you not guilty because there was no specific evidence presented to support you promoted other inmates to refuse to work or participate in the work stoppage. However, due to the SIS investigation which determined you played a lesser role in the organization of a work stoppage, it was a recommendation of the Warden at FCI McKean, with the approval of the Northeast Regional Office, that you be transferred to a medium level facility to afford the level of supervision necessary. At that time a management variable for Greater Security was appropriately placed on you.

Based on the above information, your request for relief is denied. If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd and Chestnut Streets, Philadelphia, PA 19106. Your appeal must be received in the Regional Office within 20 days from the date of this response.

_6-27-01_
Date

Keith E. Olson, Warden

EXHIBIT INL

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JUNE 13, 2001

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FAIRTON FCI

TO  : ALGIENON TANNER, 05818-040
      FAIRTON FCI     UNT: C     QTR: C01-119U

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 241887-F1
DATE RECEIVED   : JUNE 12, 2001
RESPONSE DUE    : JULY 2, 2001
SUBJECT 1       : OTHER CLASSIFICATION MATTERS
SUBJECT 2       :
INCIDENT RPT NO: