UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| ALGIENON TANNER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-0529 (RMU) |
| | : | | |
| v. | : | | |
| | : | | |
| FEDERAL BUREAU OF PRISONS, | : | | |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

*Sua Sponte* Dismissing the Case Without Prejudice

## I.   INTRODUCTION

The plaintiff, Algienon Tanner, is a long-time Federal Bureau of Prisons inmate. On February 15, 2006, the defendant transferred the plaintiff from Federal Correctional Institution ("FCI") Fairton, New Jersey to United States Penitentiary ("USP") Leavenworth, Kansas. The plaintiff brought suit pursuant to the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, asking the court to compel the Federal Bureau of Prisons to return the plaintiff to FCI Fairton. The defendant moves the court to dismiss the action arguing that the court lacks subject-matter jurisdiction. Alternatively, the defendant argues that the plaintiff fails to articulate a constitutional claim. Because the plaintiff failed to respond to the court's order to show cause why the case should not be dismissed, and because the plaintiff failed to exhaust his administrative remedies, the court *sua sponte* dismisses the action.

## II.    BACKGROUND

### A.    Factual Background

The plaintiff was sentenced on May 18, 1990 to a term of 275 months. Compl. ¶ 7. While incarcerated at FCI Fairton, the plaintiff participated in two vocational training programs, the Computer Technician and Aquaculture Science programs, "to prepare him for reentry into society." *Id.* ¶ 11. On February 15, 2006, the defendant transferred the plaintiff to USP Leavenworth. *Id.* ¶ 10. The vocational training programs at UPS Leavenworth are limited. Pl.'s Mot. for TRO at 16. Consequently, a permanent transfer effectively prevents the plaintiff from completing the programs or qualifying for the state licensing he was pursuing through the vocational training programs. Compl. ¶ 12.

### B.    Procedural History

On March 21, 2006, the plaintiff brought suit and a motion for a temporary restraining order ("TRO") and preliminary injunction against the defendant. The plaintiff asked the court to order the defendant to return the plaintiff to FCI Fairton and allow him to complete his vocational training. Compl.; Pl.'s Mot. for TRO. The plaintiff argued that his transfer, and his consequent inability to complete vocational training, effected a deprivation of his rights to equal protection and due process of law. Compl. ¶ 15. The defendant opposed the plaintiff's motion and filed a motion to dismiss, arguing that the defendant enjoyed sovereign immunity and that the court lacked subject-matter jurisdiction over the plaintiff's claims. Def.'s Opp'n to Pl.'s Mot. for TRO and Mot. to Dismiss.

On May 17, 2006, the court denied the plaintiff's motion for injunctive relief, concluding that, although the plaintiff demonstrated irreparable harm, the plaintiff failed to demonstrate a likelihood of success on the merits. Mem. Op. (May 17, 2006). The court also concluded that

the PLRA constituted a waiver of the defendant's sovereign immunity, but it otherwise did not rule on the defendant's motion to dismiss. *Id*. at 7, n.6. On December 13, 2006, the court ordered the plaintiff to show cause by January 26, 2007 why the case should not be dismissed in light of the court's denial of the plaintiff's motion for injunctive relief. Order (Dec. 13, 2006). To date, the plaintiff has not responded.

### III.    ANALYSIS
#### A.    The Prison Litigation Reform Act

Congress enacted the PLRA to facilitate courts' effective management of prisoner complaints filed in federal courts. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). Prisoners seeking relief under the PLRA must, *inter alia*, exhaust prison grievance procedures prior to filing suit. 42 U.S.C. § 1997e(a). Indeed, "no action shall be brought with respect to prison conditions under 42 U.S.C. 1983, or any other Federal law, by a prisoner confined in any jail, prison or correctional facility until such administrative remedies as are available are exhausted." *Id*. In addition to providing prison administrators with an opportunity to resolve the matter informally and to filter out frivolous claims, the exhaustion of administrative remedies prior to filing suit helps to generate an "administrative record that clarifies the contours of the controversy." *Porter*, 534 U.S. at 524. The exhaustion requirement is mandatory, and it applies broadly to "all suits about prison life." *Id*. at 532.

Although the PLRA's exhaustion requirement is not jurisdictional in nature, it does act to govern the timing of the action. *Ali v. District of Columbia*, 278 F.3d 1, 5-6 (D.C. Cir. 2002). In addition, the "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are

not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). The Court noted, however, that instances may arise in which the failure to exhaust would provide a basis for dismissal for failure to state a claim. *Id.* One such instance occurs when an affirmative defense appears on the face of the complaint. *Id.* (referencing *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001))*; see also Tereshchuk v. Bureau of Prisons*, 2007 WL 474179, at *2 (D.D.C. Feb. 09, 2007) (noting that while failure to exhaust is an affirmative defense, "if the allegations, taken as true, show that relief is barred for failure to exhaust, the case is subject to dismissal for failure to state a claim"); *Anders v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (explaining that *sua sponte* dismissal is appropriate when failure to exhaust is apparent on the face of the complaint).

### B.  Legal Standard for Rule 12(b)(6) Dismissal

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### C.  The Court *Sua Sponte* Dismisses the Case

As stated, the plaintiff failed to respond to the court's order to show cause why the case should not be dismissed. This alone is sufficient grounds upon which the court may dismiss the complaint. *O-J-R v. Ashcroft*, 216 F.R.D. 150, 151 (D.D.C. 2003) (citing Fed. R. Civ. P. 41(b) and LCvR 83.23)). Moreover, the case warrants dismissal pursuant to the PLRA because the plaintiff did not exhaust his available remedies. *Jackson v. District of Columbia*, 254 F.3d 262, 270 (D.C. Cir. 2001).

The plaintiff states that he "exhausted what administrative remedies were available to him or his remedies were futile." Compl. ¶ 12. The plaintiff does not detail which remedies he, in fact, pursued. He explains, however, that his family requested the assistance of Paul C. Kurtz, Executive Director of Federal Inmate Advocates, to prevent the plaintiff's transfer. Pl.'s Mot. at 5. Kurtz contacted Tom Washburn, Chief of Correctional Programs, to request the reversal of the defendant's decision to transfer the plaintiff. *Id*. at 5. On February 13, 2006, Washburn rejected this request, informing Kurtz that the inmate transfer was routine and that the plaintiff could request transfer back to Fairton through the Inmate Administrative Remedy process. *Id*. at 5. But, the plaintiff states that he elected not to pursue the Inmate Administrative Remedy process because the result, even if favorable, would not have been realized until "after plaintiff had missed sufficient of his two vocational courses . . . to stop him for [sic] qualifying for state licensing in his fields." *Id*. at 16. The plaintiff also argues that pursuing administrative remedies was futile because the specific relief he sought – the ability to finish his vocation programs before his release – would not be available through the grievance process. *Id*. at 5.

It is of no moment that the relief the plaintiff seeks is "not available in grievance proceeding," or that the remedies are not "plain, speedy, and effective." *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Moreover, the plaintiff's belief that exhaustion of remedies is futile does not excuse him from the exhaustion requirement. *Tereshchuk*, 2007 WL 474179, at *2; *see also Bitton v. Gonzales*, 2006 WL 335766, at *1 (D.D.C. Feb. 13, 2006). A prisoner must exhaust "such remedies as are available" regardless of whether they are effective remedies or even remedies responsive to the specific relief requested. *Booth*, 532 U.S. at 740; *Porter*, 534 U.S. at 524 (stating that a prisoner must exhaust remedies "[e]ven when the prisoner seeks relief not available in grievance proceedings"). The plaintiff

concedes that he failed to pursue the available administrative remedies, and, therefore, the court dismisses the complaint without prejudice. *Jackson*, 254 F.3d at 270.

### IV.  CONCLUSION

For the foregoing reasons, the court *sua sponte* dismisses the complaint. An order directing the parties in a manner consistent with this memorandum opinion is separately and contemporaneously issued this 1st day of March, 2007.

                                            RICARDO M. URBINA
                                            United States District Judge